Edgar F. Hazletoh, S.
By an order of this court, dated April 14, 1958, the decree which theretofore admitted the will of decedent herein to probate was vacated and the probate proceeding opened for the purpose of determining the status of a daughter of decedent who had not been cited in the original application for probate. By written stipulation of the attorneys *956 for the interested parties, the evidence presented at two hearings held prior to the order of April 14, 1958, constitutes the proof before the court on the issue of such status.
It appears from the proof that the decedent’s first marriage, ceremonial in nature, took place in 1919. The first wife died in 1945, and in 1946 another ceremonial marriage was contracted between decedent and the petitioner who is seeking* probate of his will.
It further appears that some time between the first and second marriages, commencing* approximately in the early 1920s, the decedent lived and had relations with another woman and that a child of this relationship was born in August, 1924. This child is the daughter above mentioned and she and her mother have been brought in and are now parties to this proceeding*.
It is the daughter’s contention (in which her mother joins) that a common-law marriage existed between decedent and her mother and hence that she is decedent’s legitimate child. This contention, of course, is refuted by the petitioner who seeks probate of the will, claiming* to be decedent’s lawful widow and sole distributee under his will.
From the evidence before me, I find that the daughter and her mother have failed to establish the common-law marriage claimed by them. The initial ceremonial marriage in 1919 must be presumed to have continued until the death of the first wife in 1945, in the absence of any proof to the contrary. The burden of showing* a dissolution of that marriage rested on the daughter and her mother, and they have failed to sustain such burden. Under the circumstances, the decedent was legally incapable of entering into a common-law marriage relationship while his first wife was living* and the marriage was in force.
I am not unmindful of and have given consideration to the contention urged in behalf of the daughter that the presumption of legitimacy is a strong one in law, sufficient to outweigh the presumption of a continuance of the first marriage. However, not only is there an utter failure of any proof to support a finding of dissolution of the first marriage, but it appears affirmatively from the papers on file that the marriage continued at least until 1935, which is subsequent to the date that common-law marriages could no longer be contracted in New York.
According to the records of the Immigration and Naturalization Service, the decedent petitioned for naturalization in June, 1935, in the United States District Court, Southern District of New York, and at that time stated that his wife’s name was < < Emma ’ ’ (which is the name of the first wife according to the *957 evidence here presented), that she was then residing with him, and that they had no children. Thus the decedent himself speaks, as from the grave, affirming the continuance of his first marriage.
Aside, however, from the records of the Immigration and Naturalization Service, I cannot agree that the presumption of legitimacy outweighs the presumption of the continuance of the first marriage, where, as here, the claim of legitimacy is based upon an alleged common-law marriage as opposed to a ceremonial marriage Avith no proof of dissolution.
Accordingly, I hold that neither the daughter nor her mother has the status of an interested party in this proceeding entitled to file objections to the probate of the propounded will. The aaúII therefore is readmitted to probate and letters testamentary are directed to be issued to the executrix therein named.
Submit decree accordingly on notice.